### E. C. LACOUR AND HUSBAND v. H. D. LACOUR.

A husband cannot compensate the debt due by him to his wife's succession for the return of property settled on the wife in dowry by the physician's bill which he has paid for attendance during her last illness, although the husband, at the time of her death, was insolvent.

Where, by the marriage contract, the wearing apparel of the wife is settled in dowry at an estimated value, the husband will owe the amount, on the dissolution of the marriage, at which it was estimated.

The husband is entitled to compensate the claim of the wife's heirs for her dowry, with the amount paid by him for her funeral expenses.

APPEAL from the District Court of the Parish of Pointe Coupée, *McVea*, J., presiding. *T. J. & W. H. Cooley*, for plaintiffs and appellants. *A. Provosty*, for defendant.

MERRICK, C. J. This suit was brought to recover of the defendant a sum settled in dower by the marriage contract duly executed between the defendant and the deceased mother of the plaintiff. Since the institution of the suit, the plaintiff has departed this life, and her minor heir, through *Auguste Lacour*, her natural tutor, has been made a party by amendment to the petition.

Judgment was rendered in favor of the plaintiff for a portion of her demand only, and she appeals.

The tutor complains of the allowance to the defendant of a credit of $300, the half of the sum of six hundred dollars paid by the defendant to the physician who attended upon the deceased during her last illness. This sum of $300 appears to have been allowed by the lower court, on the ground that the defendant was at that time insolvent, and that the succession of the deceased was bound to sustain one-half of the charge.

The defendant, in his answer to the appeal, contends that he should be allowed the whole six hundred dollars.

We are of the opinion, on this point, that no part of the sum of $600 can be charged to the wife's succession. The very object of settling property in dower is to secure its ultimate return to the wife at the dissolution of the marriage. The law gives her a mortgage and a privilege upon the property of the husband, to secure its return. C. C. 2355, 3158, 3221.

As this obligation on the part of the husband, to return the dotal property of the wife, is in general superior to other debts, how can it be postponed to any debt of the community paid by the husband, or how can it be compensated by such debt?

It is correctly argued by plaintiffs' counsel, that if the *husband* had died first, however, insolvent, the wife would have been relieved from the payment of the debts of the community, by renouncing the same. C. C. 2379. It must then follow, that her estate cannot be made responsible for these debts simply because *she* happens to die first, and thus occasions the dissolution of the community.

The appellant also contends, that the District Judge erred in not allowing interest on the dotal funds in defendant's hands from the death of the wife, the original plaintiff's mother, until the marriage of the said plaintiff. The testimony upon which the Judge based his conclusion, that the cost of the maintenance and education of the minor exceeded the interest at five per cent. upon her estate of $2,524, though not very positive, is sufficient to sustain the same. The services of the slave were, it seems, of the most trifling value.

The defendant prays to amend the judgment of the lower court in his favor, on the ground that the wearing apparel, &c., of the deceased, which was estimated in the marriage contract at $100, ought not to have been allowed the plaintiff, because it was used and worn out by the deceased.

It is true that the wearing apparel settled in dower must be supposed to be under the expectation that it will be worn out, still, the object is to oblige the husband to furnish the wife with the means to obtain the like apparel at the dissolution of the marriage. This very case is mentioned in Lex 10, Tit. 3, Lib. 23 Dig., where it is said, that it is commonly the interest of the intended husband, that there shall be no estimation made of the thing received in dower, in order not to incur the risk; particularly, where he receives animals or garments for the use of the wife; for, in the case where the wearing apparel has been estimated, it will happen that, after it is worn out by the wife, the husband will still owe the amount at which it was estimated. See C. C. 2334.

The Judge of the lower court, therefore, did not err in refusing to allow the defendant a credit for this amount, among other things assumed by him in his marriage contract.

Defendant also contends, that one hundred and fifty dollars ought to be allowed as funeral expenses. We think, under the authority of the case of the *Succession of Dr. Ira Smith*, 9 An. 112, this amount must be allowed defendant.

As we give the plaintiff the benefit of the objection to the item of three hundred dollars, and as we allow the defendant the additional credit of one hundred and fifty dollars, it is seen that the judgment must be increased to $2,524.

It is, therefore, ordered, adjudged and decreed by the Court, that the judgment of the lower Court be so amended as to allow the plaintiff $2,524 as principal, instead of the sum of $2,374, as specified in the decree of the lower court, and that the said judgment so amended be affirmed, the defendant paying the costs of the appeal.

LAND, J., absent.